# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK L. KING, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1005 |
| | : | |
| OFFICER MATTHEW CAVALLO, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**JONES, J.**                                                                                                           **APRIL 5, 2019**

    Plaintiff Derrick L. King, a prisoner at the Berks County Jail who is proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 based on his arrest, prosecution, and conviction in Berks County. *See Commonwealth v. King*, Docket No. CP-06-CR-0004202-2017 (Berks Cty. Court of Common Pleas). He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant King leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.     FACTS[1]

    King filed this case against Officer Matthew Cavallo, Assistant District Attorney Adam McNaughton, Assistant Public Defender Amber Moll, Judge Patrick T. Barrett, and Uptown Transportation Services. It also appears that he sought to name the Wyomissing Police Department and Amanda Kasardo (identified as a forensic DNA scientist) as Defendants, even though he failed to name them as Defendants in the caption of his Complaint in accordance with

---

[1] The following facts are taken from the Complaint and from the publicly available docket for King's underlying criminal proceeding.

Federal Rule of Civil Procedure 10(a).[2] His Complaint raises claims arising from his arrest on August 23, 2017 and his subsequent prosecution and conviction for prohibited possession of a firearm.

Public dockets reflect that King was charged and arraigned on August 23, 2017 on gun and drug charges. *See Commonwealth v. King*, Docket No. MJ-23202-CR-0000398-2017. The docket lists Matthew Cavallo as the arresting officer and Wyomissing Borough Police Department as the arresting agency. It appears King was imprisoned at that time because he was unable to post bail. King waived his preliminary hearing and the charges were held for court.

The Court of Common Pleas docket indicates that Judge Barrett presided over King's criminal case, that Adam McNaughton served as the prosecutor on the case, and that Amber Moll was appointed to represent King and served as his counsel through trial. *See Commonwealth v. King*, Docket No. CP-06-CR-0004202-2017 (Berks Cty. Court of Common Pleas). The docket reflects various scheduling orders with the notation "Waiver of PA. R. Crim. P. 600," denoting a waiver of the right to be tried within the time periods set by Pennsylvania's criminal procedural rules. King proceeded to trial in October of 2018 on the charge of prohibited possession of a firearm and was found guilty. The procedural history is not entirely clear from the docket, but on December 6, 2018, the court conducted a "Guilty Plea-Sentencing," imposed a sentence of five to ten years of imprisonment, and dismissed the remaining charges. After unsuccessful post-trial motions, King appealed and his appeal remains pending. *See Commonwealth v. King*, 358 MDA 2019 (Pa. Super. Ct.).

---

[2] Despite King's procedural error, the Court will treat Wyomissing Police Department and Amanda Kasardo as Defendants because they are clearly identified as Defendants on page 5 of the Complaint.

In the instant civil action, King primarily alleges that he was falsely arrested, falsely imprisoned, and maliciously prosecuted.[3] King alleges that on August 23, 2017, he "purchased (a) taxi transportation fee." (Compl. at 9.) Officer Cavallo stopped the taxi in which King was travelling and saw King "scuffling" during the stop. (*Id.*) Officers recovered a loaded revolver under the front seat of the car and, according to King, conducted DNA testing. The Court understands King to be alleging that he should not have been prosecuted without a grand jury indictment, that his speedy trial rights were violated, that Moll violated his right to equal protection by treating him differently from other clients, and that Judge Barrett violated his rights by denying him nominal bail.

King seeks compensatory and punitive damages in connection with his detention. In support of his claims, King attached as exhibits to his Complaint: (1) a motion to dismiss he filed in his criminal case seeking dismissal of the charges because he was not timely tried; (2) a post-sentence motion filed by Moll on his behalf arguing that the evidence at trial was insufficient to support King's conviction and that his sentence was excessive; and (3) discovery provided by the prosecutor including a "DNA Analysis" prepared by Kasardo reflecting that DNA was taken from the gun and from King, the criminal complaint against King including Officer Cavallo's affidavit of probable cause, and incident reports from the arrest. In his affidavit of probable cause, Cavallo stated that during the traffic stop, he observed King "pushing a bag underneath the front seat in front of him," that the bag was discovered to contain a gun, and that King was prohibited from having a license to conceal a firearm due to his prior convictions. (*Id.* at 32.)

---

[3] King also asserts that he was defamed and discriminated against based on his race. However, he does not allege any facts in support of those conclusory allegations. As the facts alleged and exhibits attached to the Complaint concern the prosecution described above, the Court will focus on those allegations.

The post-sentence motion indicates that Moll had moved to suppress the evidence found in the van—presumably the gun—as a result of an illegal stop, and that the Court denied the motion. (*Id.* at 21.)

## II. STANDARD OF REVIEW

King is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit.[4] As King is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As King is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Against Judge Barrett

The only apparent factual basis for King's claims against Judge Barrett concerns the manner in which Judge Barrett ruled in or otherwise managed King's criminal case. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in

---

[4] However, as King is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As King's claims against Judge Barrett are based on alleged constitutional violations committed by the Judge in his judicial capacity while presiding over King's criminal case, those claims are barred by absolute judicial immunity and will be dismissed as legally baseless.

### B. Claims Against Assistant District Attorney McNaughton

Turning to King's claims against Assistant District Attorney McNaughton, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and … presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. Cty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006). "[T]he period during which prosecutors are most likely functioning in a 'quasi-judicial' capacity is the time between indictment and dismissal, acquittal, or conviction." *Odd v. Malone*, 538 F.3d 202, 211 (3d Cir. 2008) (footnote omitted).

King appears to have named Assistant District Attorney McNaughton as a Defendant based on the manner in which he prosecuted the Commonwealth's case against King. The Court reads the Complaint to be charging McNaughton with constitutional violations for prosecuting the case too slowly (or not at all) and, perhaps, based on some manner in which he handled discovery. All of those functions fall within the scope of McNaughton's absolute prosecutorial immunity and will therefore be dismissed as legally baseless.

### C. Claims Against Moll

The Court understands King to be raising claims against Moll based on her performance as his defense counsel. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *see also Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, as Moll is not a state actor subject to liability under § 1983, the Court will dismiss King's claims against her as legally baseless.

### D. Claims Against Uptown Transportation Services

King's § 1983 claims against Uptown Transportation Services, which was the service transporting him when he was arrested, (*see* Compl. at 40), are also legally baseless. Nothing in the Complaint reasonably suggests that this Defendant could be considered a state actor subject to liability under § 1983. Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2)

whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

At most, it appears that the driver who transported King on the night of his arrest cooperated with police in their investigation. (*See* Compl. at 40.) However, "[m]erely giving information to police officers is insufficient to convert a private party into a state actor" even if the information is false. *Simmer v. Kehler*, No. 15-2285 (RBK/JS), 2015 WL 6737017, at *3 (D.N.J. Nov. 2, 2015) (collecting cases); *Cvetko v. Derry Twp. Police Dep't*, No. CIVA 1:09-CV-1260, 2010 WL 1791140, at *4 (M.D. Pa. May 4, 2010) ("[A] private actor does not proceed under color of state law merely by furnishing the police with information pertaining to a possible public disturbance."); *Collins v. Christie*, No. CIV.A.06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."). As there is no legal basis for concluding that Uptown Transportation Services is a state actor for purposes of § 1983, the Court will also dismiss King's claims against that Defendant as legally baseless.

**E. Claims Against Officer Cavallo**

The Court understands King to be raising claims against Officer Cavallo for falsely arresting him, falsely imprisoning him, maliciously prosecuting him, and possibly subjecting him to an illegal seizure when he pulled over the taxi in which King was travelling. King's claims fail, however, because his allegations are mostly predicated on conclusory allegations without any facts supporting those allegations. (*See* Compl. at 8.) It is not enough for King to claim that he was falsely arrested or maliciously prosecuted. Rather, he must allege facts that would

7

plausibly support a conclusion that he was seized, arrested, and/or prosecuted without probable cause. *See Gebhart v. Steffen*, 574 F. App'x 156, 159 (3d Cir. 2014) (affirming dismissal of malicious prosecution claim when plaintiff "ma[de] no effort to identify the [allegedly] misrepresented facts or describe how the charges were exaggerated and baseless"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"); *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (A plaintiff alleging malicious prosecution must establish that the defendants initiated a criminal proceeding against the plaintiff—without probable cause and with malice—and that the proceeding terminated in the plaintiff's favor); *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995) (to state a false arrest claim plaintiff must allege facts establishing that he was arrested without probable cause).

There are other problems with King's claims, most notably, that many of King's claims are not cognizable at this time. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Accordingly, King may not proceed on any malicious prosecution claims challenging proceedings that led to his conviction, or any false arrest or false imprisonment claims that would necessarily imply the invalidity of his current conviction, because his conviction has not been

8

reversed on appeal or otherwise vacated or invalidated.[5] Furthermore, if King is raising the same challenges that were addressed and rejected by the state court in denying his motion to suppress, those issues may be barred, even if his claims are cognizable. *Flood v. Schaefer*, No. 17-1936, 2018 WL 5879473, at *2 (3d Cir. Nov. 8, 2018) (per curiam) ("Issues determined in criminal proceedings can have preclusive effect in subsequent civil proceedings.").

### F. Claims Against Wyomissing Police Department

A municipality or local government entity is not liable under § 1983 based solely on an allegation that an employee of that entity committed a constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). Rather, a municipality or a local government entity is only liable under § 1983 if a policy or custom of that entity caused the constitutional violation in question. *Id.* at 694. A plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

Here, it appears that King named the Wyomissing Police Department as a Defendant because it employs Officer Cavallo. However, that is not a valid basis for imposing liability on the Wyomissing Police Department under § 1983. As King has not identified a policy or custom of this Defendant that led to the claimed violations of his constitutional rights, the Court will dismiss these claims as pled.

---

[5] Some of the charges against King were dismissed but it is not clear whether those charges were dismissed in connection with a plea agreement or whether they could be considered to have terminated in King's favor as is necessary to state a malicious prosecution claim. *See Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009) (en banc). It is also not clear whether King is challenging the dismissed charges because his Complaint is pled in a conclusory manner and focuses on the gun charge of which he was convicted.

### G. Claims Against Amanda Kasardo

The only apparent factual basis for King's claims against Kasardo is the fact that she provided a DNA analysis to the Commonwealth that was produced in discovery. (*See* Compl. at 24-25.) The analysis provided by Kasardo indicates that the Pennsylvania State Police Bureau of Forensic Services could not perform DNA analysis on the sample retrieved from the gun to compare to the sample obtained from King because there was an insufficient amount of DNA in the sample. (*Id.* at 24.) Nothing about the report evinces a basis for a constitutional or any other claim against Kasardo, and King has not alleged any facts that would clarify why he believes Kasardo violated his rights or how she was involved in the claimed violations. Accordingly, King has not stated a plausible claim against Kasardo. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant King leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court will dismiss King's claims against Judge Barrett, McNaughton, Moll, and Uptown Transportation Services with prejudice. However, King will be given an opportunity to file an amended complaint against Officer Cavallo, Wyomissing Police Department, and Kasardo in the event he can cure the defects in any of his claims against those Defendants. An appropriate Order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
**C. DARNELL JONES, II,    J.**